ROBBINS GELLER RUDMAN
  & DOWD LLP
RANDALL J. BARON (150796)
A. RICK ATWOOD, JR. (156529)
DAVID T. WISSBROECKER (243867)
EDWARD M. GERGOSIAN (105679)
DANIELLE S. MYERS (259916)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
randyb@rgrdlaw.com
ricka@rgrdlaw.com
dwissbroecker@rgrdlaw.com
egergosian@rgrdlaw.com
dmyers@rgrdlaw.com

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re HOT TOPIC, INC. SECURITIES LITIGATION | Lead Case No. 2:13-cv-02939-SJO(JCx) |
| This Document Relates To: | CLASS ACTION |
| ALL ACTIONS. | STIPULATION OF SETTLEMENT |

1018154_2

This Stipulation of Settlement dated as of April 30, 2015 (the "Stipulation"), is made and entered into by and among the following Settling Parties to the above-entitled litigation (the "Litigation"): (i) the Lead Plaintiff City of Livonia Employees' Retirement System (on behalf of itself and each of the Class Members), by and through its counsel of record in the Litigation; and (ii) Hot Topic, Inc. ("Hot Topic" or the "Company"), Lisa M. Harper, Steven Becker, Matthew Drapkin, Evelyn D'an, Terri Funk Graham, John Kyees, Andrew Schuon and Thomas Vellios (collectively, the "Individual Defendants"; together with Hot Topic, the "Defendants"), by and through their counsel of record in the Litigation.  This Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims upon and subject to the terms and conditions hereof.

# I.    THE LITIGATION

## A.    State Action

On March 7, 2013, Hot Topic announced that the Company would be acquired by Sycamore Partners LLC ("Sycamore")[1] for $14 per share, or approximately $600 million (the "Merger").  Thereafter, between March 8, 2013 and April 25, 2013, seven putative class action complaints (*Leone v. Harper*, Case No. BC502537; *Weisberg v. Harper*, Case No. BC502538; *Gonzalez v. Hot Topic, Inc.*, Case No. BC502693; *Carter v. Hot Topic, Inc.*, Case No. BC502839; *Mor v. Harper*, Case No. BC502992; *Coniglio v. Hot Topic, Inc.*, Case No. BC502875; and *Wolfe v. Hot Topic, Inc.*, Case No. BC503322) were filed in the Superior Court of California, County of Los Angeles alleging breach of fiduciary duty claims in connection with the proposed acquisition of the Company by Sycamore.  On May 7, 2013, the parties in the state

---

[1]    "Sycamore" refers collectively to the following entities identified in the Definitive Proxy Statement filed with the U.S. Securities and Exchange Commission ("SEC") on May 10, 2013 (the "Proxy Statement"): 212 F Holdings LLC, a Delaware limited liability company (also referred to as the "Parent"); HT Merger Sub Inc., a California corporation and a wholly owned subsidiary of Parent (referred to as the "Merger Sub"); and Sycamore Partners Management, L.L.C., affiliates of which beneficially own both Parent and Merger Sub.

1018154_2

1    court lawsuits entered into a stipulation to consolidate the seven cases pending in Los

2    Angeles Superior Court (the "Consolidated State Action").  The Consolidated State

3    Action was stayed on July 1, 2013 by agreement of the parties at the Initial Status

4    Conference, pending litigation of the Federal Action (described below).

5        **B.    Federal Action**

6        In April and May 2013, four putative class action complaints (*Horn v. Hot

7    Topic, Inc.*, Case No 2:13-cv-02939; *Walton v. Hot Topic, Inc.*, Case No. 2:13-cv-

8    02941; *Davis v. Hot Topic, Inc.*, Case No. 8:13-cv-00787; and *Carter v. Hot Topic,

9    Inc.*, Case No. 2:13-cv-04153) were filed in the United States District Court for the

10   Central District of California alleging violations of §14(a) and §20(a) of the Securities

11   Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78n(a) and §78t(a), as well

12   as breach of fiduciary duty claims in connection with the proposed acquisition of Hot

13   Topic by Sycamore.  *See* Dkt. No. 1.  On May 31, 2013, Hot Topic held a special

14   meeting of shareholders of the Company to approve the Agreement and Plan of

15   Merger dated as of March 6, 2013 (the "Merger Agreement"), during which meeting

16   the Company's shareholders voted in favor of the approval of the Merger Agreement

17   and the principal terms of the Merger.  On June 12, 2013, the Merger closed.

18       On July 29, 2013, the Court consolidated the four complaints as *In re Hot

19   Topic, Inc. Sec. Litig.*, Lead Case No. 2:13-cv-02939 (the "Federal Action").  On

20   August 20, 2013, the Court appointed the City of Livonia Employees' Retirement

21   System as Lead Plaintiff and approved Lead Plaintiff's selection of Robbins Geller

22   Rudman & Dowd LLP as Lead Counsel.  Dkt. No. 42.  Thereafter, on October 4, 2013,

23   Lead Plaintiff filed a consolidated complaint for violation of §14(a) and §20(a) of the

24   Exchange Act and SEC Rule 14a-9 promulgated thereunder, 17 C.F.R. §240.14a-9,

25   breach of fiduciary duty, and aiding and abetting breach of fiduciary duty (the

26   "Consolidated Complaint") against Defendants and Sycamore on behalf of all

27   shareholders whose Hot Topic common stock was purchased by Sycamore in

28   connection with the Merger.  Dkt. No. 44.

1018154_2

On November 18, 2013, Defendants and Sycamore filed motions to dismiss the Consolidated Complaint.  Dkt. Nos. 46-47.  Lead Plaintiff opposed the motions on December 3, 2013.  Dkt. Nos. 48-50.  Defendants and Sycamore filed their replies on December 10, 2013.  Dkt. Nos. 51-52.  Pursuant to 15 U.S.C. §78u-4(b)(3)(B), all proceedings were stayed during the pendency of the motions to dismiss.

On May 2, 2014, the Court granted in part and denied in part the motions to dismiss.  Dkt. No. 57.  The breach of fiduciary duty claims were dismissed with leave to amend, the federal claims and aiding and abetting claims against Sycamore were dismissed with prejudice and the federal claims against the Defendants were upheld.  *Id.*  On May 27, 2014, Lead Plaintiff informed the Court of its intent not to amend the complaint.  Dkt. No. 58.

Defendants answered the Consolidated Complaint on June 16, 2014.  Dkt. No. 60.  Judgment was entered dismissing all claims against Sycamore with prejudice on July 3, 2014.  Dkt. No. 62.

On July 14, 2014, Lead Plaintiff and Defendants filed a Joint Rule 26(f) Discovery Plan and the Court held a Scheduling Conference on August 1, 2014.  Dkt. Nos. 63, 70.

On October 6, 2014, Lead Plaintiff filed a motion for class certification.  Dkt. No. 74.  The Court granted the motion for class certification on November 3, 2014, certifying a class as follows:

> All holders of Hot Topic, Inc. ("Hot Topic") common stock on the record date, May 3, 2013, who were allegedly harmed by defendants' violations of §14(a) and §20(a) of the Securities Exchange Act of 1934 in connection with the Merger of Hot Topic and Sycamore Partners as alleged in the litigation (the "Class"). Excluded from the Class are defendants, the officers and directors of the Company at all relevant times, members of their immediate families and their legal

1  representatives, heirs, successors or assigns and any entity in which
2  defendants have or had a controlling interest.
3  Dkt. No. 82 at 9. The Court also appointed Lead Plaintiff as the Class Representative
4  and Robbins Geller Rudman & Dowd LLP as Class Counsel. *Id.*

5  Between summer 2014 and spring 2015, Lead Plaintiff conducted extensive
6  discovery, seeking documentary and testimonial evidence from Defendants and
7  numerous third parties. Depositions were scheduled to begin on March 31, 2015,
8  before the parties reached an agreement to settle the Litigation. Prior to the
9  Settlement, Lead Plaintiff's counsel received and reviewed over 25,200 records
10  produced by Defendants and third parties. Lead Plaintiff also filed a motion to
11  compel Sycamore's production in response to a subpoena served upon it.

12  In February 2015, the parties attended a mediation session before a JAMS
13  mediator which was not successful.

14  Defendants' counsel and Lead Plaintiff's counsel continued to engage in
15  informal discussions in an effort to resolve the Litigation before depositions were
16  scheduled to begin on March 31, 2015. Thereafter, as reflected in this Stipulation, the
17  Settling Parties reached an agreement to settle the Litigation on March 27, 2015.

18  ## II.  DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

19
20  Each Defendant has denied and continues to deny each and all of the claims and
21  contentions alleged in the Litigation. Each Defendant has expressly denied and
22  continues to deny all allegations of wrongdoing or liability arising out of any of the
23  conduct, statements, acts or omissions alleged, or that could have been alleged, in the
24  Litigation. The Defendants also have denied and continue to deny, *inter alia*, the
25  allegations that the Lead Plaintiff or the Class suffered damages or that the Lead
26  Plaintiff or the Class were harmed in any way by any of the Defendants or by the
27  conduct alleged in the Litigation. Further, Defendants believe that the claims asserted
28  in the Litigation lack merit and that evidence developed to date refute the claims.

- 4 -

1018154_2

1      Nonetheless, the Defendants have concluded that it is desirable that the

2  Litigation be fully and finally settled in the manner and upon the terms and conditions

3  set forth in this Stipulation.  The Defendants have taken into account the uncertainty

4  and risks inherent in any litigation, especially in complex cases like the Litigation, in

5  particular the risk that further discovery would not support a motion for summary

6  judgment or that any summary judgment motions would be denied and the case would

7  proceed to trial.    Further, Defendants recognize the expense of defending this

8  Litigation and other similar suits.  The Defendants have, therefore, determined that it

9  is desirable and beneficial to them that the Litigation be settled in the manner and

10  upon the terms and conditions set forth in this Stipulation.

11  **III.    CLAIMS AND BENEFITS OF SETTLEMENT**

12      The Lead Plaintiff believes that the claims asserted in the Litigation have merit

13  and that the evidence developed to date supports the claims.  However, Lead Plaintiff

14  and its counsel recognize and acknowledge the expense and length of continued

15  proceedings necessary to prosecute the Litigation against the Defendants through trial

16  and through appeals.  Lead Plaintiff and its counsel also have taken into account the

17  uncertain outcome and the risks of any litigation, especially in complex actions such

18  as the Litigation, and the difficulties and delays inherent in such litigation.   In

19  particular, Lead Plaintiff and its counsel are aware of the risk that additional discovery

20  would undermine their claims and support a motion for summary judgment which

21  would preclude a trial on the merits.  Lead Plaintiff and its counsel also are mindful of

22  the inherent problems of proof under and possible defenses to the violations asserted

23  in the Litigation.  Lead Plaintiff and its counsel believe that the Settlement set forth in

24  this Stipulation confers substantial benefits upon the Class.  Based on their evaluation,

25  Lead Plaintiff and its counsel have determined that the Settlement set forth in this

26  Stipulation is in the best interests of the Lead Plaintiff and the Class.

27

28

1018154_2

**IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Lead Plaintiff (for itself and the Class Members) and the Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of this Stipulation, as follows.

**1.   Definitions**

As used herein the following terms have the meanings specified below:

1.1   "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

1.2   "Claims Administrator" means Gilardi & Co. LLC.

1.3   "Class," "Class Member," or "Members of the Class" means all holders of Hot Topic common stock on the record date, May 3, 2013.  Excluded from the Class are Defendants, the officers and directors of the Company at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest, and any Person who timely and validly seeks exclusion from the Class.

1.4   "Consolidated Complaint" means the Consolidated Complaint for Violation of Federal Securities Laws and Breach of Fiduciary Duty filed on October 4, 2013.

1.5   "Court" means the United States District Court for the Central District of California, Western Division.

1.6   "Defendants" means Hot Topic and the Individual Defendants.

1.7   "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of this Stipulation have been met and have occurred.

1018154_2

1      1.8   "Escrow Agent" means Robbins Geller Rudman & Dowd LLP or its
2  successor(s).

3      1.9   "Final" means when the last of the following with respect to a judgment
4  approving this Stipulation, substantially in the form of Exhibit B attached hereto, shall
5  have occurred: (i) the expiration of the time to file a motion to alter or amend the
6  Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such
7  motion having been filed; (ii) the expiration of the time in which to appeal the
8  Judgment has passed without any appeal having been taken, which date shall be
9  deemed to be thirty (30) days following the entry of the Judgment, unless the date to
10  take such an appeal shall have been extended by Court order or otherwise; and (iii) if a
11  motion to alter or amend is filed or if an appeal is taken, the determination of that
12  motion or appeal in such a manner as to permit the consummation of the Settlement
13  substantially in accordance with the terms and conditions of this Stipulation.  For
14  purposes of this paragraph, an "appeal" shall include any petition for a writ of
15  certiorari or other writ that may be filed in connection with approval or disapproval of
16  the Settlement, but shall not include any appeal which concerns only the issue of
17  attorneys' fees and expenses or any allocation of the Settlement Fund, as hereinafter
18  defined.

19      1.10  "Final Approval Hearing" means the hearing to determine whether the
20  proposed Settlement embodied by this Stipulation is fair, reasonable, and adequate to
21  the Class, and whether the Court should enter a Judgment approving the proposed
22  Settlement.

23      1.11  "Hot Topic" means Hot Topic, Inc.

24      1.12  "Individual Defendants" means Lisa M. Harper, Steven Becker, Matthew
25  Drapkin, Evelyn D'an, Terri Funk Graham, John Kyees, Andrew Schuon and Thomas
26  Vellios.  As used in this Stipulation, "Individual Defendants" also includes Scott
27  Hedrick, who was originally named as a defendant in the Litigation but was dismissed
28  by notice dated November 15, 2013 after his death.

1.13 "Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B, or such other substantially similar form agreed to by the Settling Parties.

1.14 "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101.

1.15 "Lead Plaintiff" means City of Livonia Employees' Retirement System.

1.16 "Net Settlement Fund" means the fund described in ¶5.2(d).

1.17 "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.18 "Preliminary Approval Order" means the preliminary approval order (substantially in the form attached hereto as Exhibit A) as entered by the Court for mailing and publication of notice to the Class.

1.19 "Related Parties" means each of a Defendant's or Sycamore's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, attorneys, accountants or auditors, financial advisors, personal or legal representatives, predecessors, successors, parents (including Sycamore), subsidiaries, divisions, affiliates, joint ventures, assigns, spouses, heirs, estates, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of any Individual Defendant's immediate family, or any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant's family.

1.20 "Released Claims" means any and all claims (including "Unknown Claims" as defined in ¶1.27 hereof), causes of action, rights, actions, suits, obligations, debts, demands, judgments, agreements, promises, liabilities, damages, losses, controversies, costs, expenses or attorneys' fees, of every nature and

- 8 -

description whatsoever, whether direct, indirect, now known or unknown, suspected or unsuspected, accrued or unaccrued, in law or in equity, whether having arisen or yet to arise, including, without limitation, any claims of violations of federal or state securities laws and any federal or state claims of fraud, intentional misrepresentation, negligent misrepresentation, negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, breach of fiduciary duty, unjust enrichment, abuse of control, mismanagement, waste of corporate assets, violations of any state or federal statutes, rules or regulations, or aiding and abetting any of the foregoing, that have been or could have been alleged or asserted now or in the future by Lead Plaintiff or any Class Member against the Released Persons, or any of them in the Litigation or in any other court action (including, without limitation, the Consolidated State Action) or before any administrative body, tribunal, arbitration panel, or other adjudicatory body, arising out of or relating in any way to, or in connection with both (a) Hot Topic common stock held on the record date, May 3, 2013 ("Record Date"), and (b) any of the acts, facts, transactions, events, occurrences, disclosures, statements, omissions, or failures to act or matters set forth, referred to, or alleged, or that could have been set forth, referred to, or alleged (whether known or unknown) in the Litigation or the Consolidated State Action.  The Released Claims do not include claims to enforce the Settlement.

1.21   "Released Persons" means each and all of the Defendants, Sycamore and each of their respective Related Parties.

1.22   "Settlement" means the settlement contemplated by this Stipulation.

1.23   "Settlement Fund" means Fourteen Million Nine Hundred Thousand Dollars ($14,900,000.00) in cash to be paid by wire transfer to the Escrow Agent pursuant to ¶2.1 of this Stipulation, plus all interest earned upon receipt of funds.

1.24   "Settling Parties" means, collectively, the Defendants and the Lead Plaintiff, on behalf of itself and the Class.

1.25   "Supplemental Agreement" means the agreement described in ¶7.6.

1.26   "Sycamore" means 212 F Holdings LLC, HT Merger Sub Inc., and Sycamore Partners Management, L.L.C.

1.27   "Unknown Claims" means any Released Claims which the Lead Plaintiff or any Class Member, as of the Effective Date, does not know or suspect to exist in his, her or its favor, whether direct, indirect, or derivative, including those which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiff shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Lead Plaintiff shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law that is similar, comparable or equivalent to California Civil Code §1542, or that might otherwise operate to bar or limit the release of Unknown Claims.  Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiff shall expressly release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, expressly, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether

- 10 -

or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to and notwithstanding the subsequent discovery or existence of such different or additional facts. The Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## 2. The Settlement

### a. The Settlement Fund

2.1    Hot Topic shall transfer or cause to be transferred the principal amount of $14,900,000.00 (the "Settlement Amount") in cash to the Escrow Agent no later than fifteen (15) business days after the Court enters the Preliminary Approval Order. If any portion of the Settlement Amount is not transferred to the Escrow Agent within fifteen (15) business days after the Court enters the Preliminary Approval Order, Hot Topic shall pay interest at the rate of 2% per annum on any portion of the Settlement Amount that is not timely transferred to the Escrow Agent until that portion is transferred. Defendants and their respective Related Parties shall have no further monetary liability after payment of the Settlement Amount, and in no event shall any Defendant (or any of the Defendants' respective Related Parties) be liable for payment of any amount other than as expressly set forth in this ¶2.1 of the Stipulation. If the entire Settlement Amount is not timely transferred to the Escrow Agent as provided in this paragraph, the Settlement may be voided at the option of Lead Plaintiff only if: (i) Lead Counsel has notified Defendants' counsel in writing of Lead Counsel's intention to terminate the settlement, and (ii) the entire Settlement Amount is not transferred to the Escrow Agent within ten (10) business days after Lead Counsel has provided such written notice.

1018154_2

### b.   The Escrow Agent

2.2    The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.1 in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  The Settlement Fund shall bear all risks related to investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph.

2.3    The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of counsel for Hot Topic.

2.4    Subject to further order(s) and/or direction(s) as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation.

2.5    All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

2.6    The Escrow Agent may pay to the Claims Administrator from the Settlement Fund, without prior approval from Defendants or the Court, the costs and expenses reasonably and actually incurred in connection with the administration of the Settlement, including, without limitation: the cost of identifying and locating Members of the Class, mailing the Notice of Pendency and Proposed Settlement of Class Action and Proof of Claim and Release and publishing notice (such amount shall include, without limitation, the actual costs of publication, printing and mailing the Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners), soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants,

- 12 -

1  processing Proof of Claim and Release forms, and paying escrow fees and costs, if

2  any, and the administrative expenses incurred and fees charged by the Claims

3  Administrator in connection with providing notice and processing the submitted

4  claims ("Notice and Administration Expenses").

5               **c.**    **Taxes**

6       2.7    (a)    The Settling Parties and the Escrow Agent agree to treat the

7  Settlement Fund as being at all times a "qualified settlement fund" within the meaning

8  of Treas. Reg. §1.468B-1.  In addition, the Escrow Agent shall timely make such

9  elections as necessary or advisable to carry out the provisions of this ¶2.7, including

10  the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest

11  permitted date.  Such elections shall be made in compliance with the procedures and

12  requirements contained in such regulations.  It shall be the responsibility of the

13  Escrow Agent to timely and properly prepare and deliver the necessary documentation

14  for signature by all necessary parties, and thereafter to cause the appropriate filing to

15  occur.

16       (b)    For the purpose of §1.468B of the Internal Revenue Code of 1986,

17  as amended, and the regulations promulgated thereunder, the "administrator" shall be

18  the Escrow Agent.  The Escrow Agent shall timely and properly cause to be filed all

19  informational and other tax returns necessary or advisable with respect to the

20  Settlement Fund (including, without limitation, the returns described in Treas. Reg.

21  §1.468B-2(k)).  Such returns (as well as the election described in ¶2.7(a) hereof) shall

22  be consistent with this ¶2.7(b) and in all events shall reflect that all Taxes (including

23  any estimated Taxes, interest or penalties) on the income earned by the Settlement

24  Fund shall be paid out of the Settlement Fund as provided in ¶2.7(c) hereof.

25       (c)    All (i) Taxes (including any interest, penalties, or estimated Taxes)

26  arising with respect to the income earned by the Settlement Fund, including any Taxes

27  or tax detriments that may be imposed upon the Defendants or their counsel with

28  respect to any income earned by the Settlement Fund for any period during which the

Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.7 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.7) ("Tax Expenses"), shall be paid out of the Settlement Fund; in no event shall the Defendants, their respective Related Parties, or their counsel have any liability or responsibility for Taxes or Tax Expenses.  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)).  The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.7.

### d.      Termination of Settlement

2.8      In the event that the Settlement is not approved, or terminated, canceled, or fails to become effective for any reason, the provisions of ¶¶7.3, 7.4, and/or 7.5 herein shall be followed.

### 3.      Preliminary Approval Order and Final Approval Hearing

3.1      Promptly after execution of this Stipulation, the Settling Parties shall submit this Stipulation together with its Exhibits to the Court and shall jointly apply for entry of the Preliminary Approval Order substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation and approval for the mailing of a settlement notice (the "Notice") to Class Members and publication of a summary notice, substantially in the

- 14 -

1  forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general

2  terms of the Settlement set forth in this Stipulation, the proposed allocation of the

3  Settlement Fund, the general terms of the Fee and Expense Application by Lead

4  Counsel and the date of the Final Approval Hearing as defined below.  Lead Counsel

5  will be responsible for providing the Notice to the Class.  Any Notice and

6  Administration Expenses shall be paid from the Settlement Fund as provided in ¶¶2.6

7  and 5.2(a) hereof.

8       3.2  The Settling Parties shall request that, after notice is given, the Court

9  hold a Final Approval Hearing and approve the Settlement of the Litigation as set

10  forth herein.  Lead Counsel will also request that the Court approve the Fee and

11  Expense Application.

12  **4.  Releases**

13       4.1  Upon the Effective Date, each and every Lead Plaintiff and Class

14  Member shall be deemed to have, and by operation of the Judgment shall have, fully,

15  finally, and forever released, relinquished, dismissed, and discharged all Released

16  Claims (including Unknown Claims) against the Released Persons with prejudice and

17  on the merits, whether or not such Lead Plaintiff or Class Member executes and

18  delivers a Proof of Claim and Release, and whether or not such Lead Plaintiff or Class

19  Member ever seeks or obtains any distribution from the Settlement Fund.

20       4.2  The Proof of Claim and Release to be executed by the Lead Plaintiff and

21  Class Members shall release all Released Claims (including Unknown Claims) against

22  the Released Persons and shall be substantially in the form contained in Exhibit A-2

23  attached hereto.

24       4.3  Upon the Effective Date, each of the Released Persons shall be deemed to

25  have, and by operation of the Judgment shall have, fully, finally, and forever released,

26  relinquished and discharged the Lead Plaintiff, each and all of the Class Members, and

27  their attorneys (including, without limitation, Lead Counsel), employees, heirs,

28  successors, and assigns from all claims (including, without limitation, Unknown

- 15 -

1018154_2

Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Litigation and/or the Consolidated State Action.  Claims to enforce the Settlement are not released.

4.4    Upon the Effective Date, Lead Plaintiff and all Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims against any of the Released Persons, and each of them.

**5.    Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

5.1    The Claims Administrator, subject to such supervision and direction from the Court and/or Lead Counsel as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2    At the times set forth and in accordance with this Stipulation, the Settlement Fund shall be applied as follows:

(a)    to pay all Notice and Administration Expenses;

(b)    to pay the Taxes and Tax Expenses described in ¶2.7 hereof;

(c)    to pay Lead Plaintiff's expenses, including any lost wages, as provided for by 15 U.S.C. §78u-4(a)(4), and Lead Plaintiff's attorneys' fees and expenses with interest thereon at the same rate and for the same time period as earned by the Settlement Fund to the extent allowed by the Court (the "Fee and Expense Award"); and

(d)    to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by this Stipulation or the Court.

- 16 -

1        5.3      Upon the Effective Date and thereafter, and in accordance with the terms

2  of this Stipulation or such further approval and further order(s) of the Court as may be

3  necessary or as circumstances may require, the Claims Administrator, subject to the

4  Court's jurisdiction, shall distribute the Net Settlement Fund to Authorized Claimants,

5  subject to and in accordance with the following:

6        (a)      Within ninety (90) days after the mailing of the Notice or such

7  other time as may be set by the Court, each Person claiming to be an Authorized

8  Claimant shall be required to submit to the Claims Administrator a completed Proof of

9  Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed

10  under penalty of perjury and supported by such documents as are specified in the

11  Proof of Claim and Release and as are reasonably available to such Person;

12        (b)      Except as otherwise ordered by the Court, any and all Class

13  Members who fail to timely submit a Proof of Claim and Release within such period,

14  or such other period as may be ordered by the Court, or otherwise allowed, shall be

15  forever barred from receiving any payments pursuant to this Stipulation and the

16  Settlement set forth herein, but will in all other respects be subject to and bound by the

17  provisions of this Stipulation, the releases contained herein, and the Judgment, and

18  will be permanently barred and enjoined from bringing any action, claim, or other

19  proceeding of any kind against any Released Persons concerning any Released

20  Claims.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but

21  not the obligation) to accept late-submitted claims for processing by the Claims

22  Administrator so long as distribution of the Net Settlement Fund is not materially

23  delayed thereby;

24        (c)      Following the Effective Date, the Claims Administrator shall

25  distribute to each Authorized Claimant his, her, or its *pro rata* share of the Net

26  Settlement Fund; and

27        (d)      Defendants shall not have a reversionary interest in the Net

28  Settlement Fund.  If there is any balance of the Net Settlement Fund remaining after

- 17 -

six (6) months from the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, distribute such remaining balance *pro rata* among Authorized Claimants who negotiated the checks sent to them.  These redistributions shall be repeated until the balance in the Net Settlement Fund is *de minimis* (*i.e.*, is insufficient to cover the cost of another distribution) and such remaining balance shall then be donated to an appropriate non-profit organization designated by Lead Counsel.

5.4     The Defendants and their respective Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Settlement Fund, any investment or distribution of the Settlement Fund, the determination, administration, or calculation of claims, final awards, the timing, supervision and distribution of the Settlement Fund, any application for attorneys' fees and expenses, the payment or withholding of Taxes, or any losses incurred in connection therewith.

5.5     No Person shall have any claim against Lead Plaintiff, Lead Counsel, Defendants, or the Claims Administrator, or their respective Related Parties, or other Person designated by Lead Counsel based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein or further order(s) of the Court.  This does not include any claim by any party for breach of this Stipulation.

5.6     It is understood and agreed by the Settling Parties that any allocation of the Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of or a condition to this Stipulation and the Settlement set forth herein, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the allocation of the Settlement Fund shall not operate to terminate or cancel this Stipulation or the releases set forth herein, or affect or delay the finality of the Court's

- 18 -

1  Judgment approving this Stipulation and the releases and Settlement set forth herein,
2  or any other orders entered pursuant to this Stipulation.

3  **6.    Attorneys' Fees and Expenses**

4  6.1    The procedure for and the allowance by the Court of any applications by
5  Lead Counsel for attorneys' fees and expenses, or the Lead Plaintiff's expenses
6  (including lost wages) paid pursuant to 15 U.S.C. §78u-4(a)(4), to be paid out of the
7  Settlement Fund, are not part of or a condition to the Settlement set forth in this
8  Stipulation, and are to be considered by the Court separately from the Court's
9  consideration of the fairness, reasonableness, and adequacy of the Settlement set forth
10  in this Stipulation.  Any order or proceeding relating to the Fee and Expense
11  Application, or the Lead Plaintiff's expense application pursuant to 15 U.S.C. §78u-
12  4(a)(4), or any appeal from any order relating thereto or reversal or modification
13  thereof, shall not operate to terminate or cancel this Stipulation or the releases set
14  forth herein, or affect or delay the finality of the Judgment approving this Stipulation
15  and the releases and Settlement of the Litigation set forth herein.

16  6.2    Lead Counsel may submit an application or applications (the "Fee and
17  Expense Application") for distributions from the Settlement Fund for: (a) an award of
18  attorneys' fees; (b) the payment of reasonable expenses, including Lead Plaintiff's
19  expenses (including lost wages) paid pursuant to 15 U.S.C. §78u-4(a)(4); (c) the cost
20  of fees of experts or consultants incurred in connection with prosecuting the
21  Litigation; plus (d) any interest on such fees and expenses at the same rate and for the
22  same periods as earned by the Settlement Amount (until such fees and expenses are
23  paid) as may be awarded by the Court.  Lead Counsel reserve the right to make
24  additional applications to the Court from the Settlement Fund for fees and expenses
25  incurred.

26  6.3    The Fee and Expense Award shall be paid to Lead Counsel from the
27  Settlement Fund, as ordered, immediately after the Court executes an order awarding
28  such fees and expenses.  Lead Counsel may thereafter allocate the attorneys' fees

- 19 -

among any other plaintiff's counsel in a manner in which Lead Counsel, in good faith, believes reflects the contributions of such counsel to the initiation, prosecution, assertion, settlement, and resolution of the Litigation.  The Defendants and their respective Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to such allocation or distribution.  In the event that the Effective Date does not occur, or either the Judgment or the order making the Fee and Expense Award is reversed or modified by final non-appealable order, or this Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then, within ten (10) days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, Lead Counsel and any other plaintiff's counsel receiving fees and expenses will refund to the Settlement Fund such fees and expenses previously paid to Lead Counsel or any other plaintiff's counsel from the Settlement Fund in an amount consistent with such reversal or modification, together with interest on that amount at a rate commensurate with that earned on the Settlement Fund during the intervening period. Any refunds required pursuant to this paragraph shall be the obligation of each plaintiff's counsel receiving fees or expenses (to the extent of such amounts received) to make appropriate refunds or repayments to the Settlement Fund.  Each plaintiff's counsel, as a condition of receiving such fees, expenses and/or costs on behalf of itself and each partner and/or shareholder of it, agrees that its law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.4    Lead Plaintiff may submit an application for payment for its time and expenses incurred in the prosecution of the Litigation.

6.5    Defendants and their respective Related Parties shall have no responsibility for or liability with respect to any allocation among plaintiff's counsel and/or any other Person who may assert some claim thereto, of any attorneys' fee and expense award that the Court may make in the Litigation.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1     The Effective Date of this Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     Hot Topic has timely made the contribution to the Settlement Fund as set forth in ¶2.1 hereof;

(b)     the Court has entered the Preliminary Approval Order, as set forth in ¶3.1 hereof;

(c)     Hot Topic has not exercised its option to terminate the Settlement, as set forth in ¶7.6 hereof;

(d)     the Court has entered the Judgment substantially in the form of Exhibit B attached hereto;

(e)     the Judgment has become Final, as set forth in ¶1.9 hereof; and

(f)     the Consolidated State Action has been dismissed with prejudice and the dismissal has become final.

7.2     Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall, subject to ¶¶7.5, 7.7 and 7.8, be absolutely and forever extinguished.  If all of the conditions specified in ¶7.1 hereof are not met, then this Stipulation shall be canceled and terminated subject to ¶7.3 hereof unless Lead Counsel and counsel for the Defendants mutually agree in writing to proceed with this Stipulation.

7.3     In the event this Stipulation shall terminate, be canceled, or shall not become effective for any reason, within ten (10) days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been incurred or disbursed pursuant to ¶¶2.6 and 2.7 hereof, shall be refunded and transferred by the Escrow Agent pursuant to written instructions from Defendants' counsel.  At the request of Defendants' counsel, the Escrow Agent or its designee

1018154_2

1   shall apply for any tax refund owed on the Settlement Fund and pay the proceeds,

2   after deduction of any fees or expenses incurred in connection with such application(s)

3   for refund, at the written direction of Defendants' counsel.

4        7.4    In the event that the Court declines to approve this Stipulation or the

5   Settlement set forth in this Stipulation is terminated or fails to become effective in

6   accordance with its terms, the Settling Parties shall be restored to their respective

7   positions in the Litigation as of March 26, 2015.  In such event, the terms and

8   provisions of this Stipulation, with the exception of ¶¶1.1-1.27, 2.6-2.8, 7.3-7.5, and

9   9.3 hereof, shall have no further force and effect with respect to the Settling Parties

10  and shall not be used in the Litigation or in any other proceeding for any purpose, and

11  any judgment or order entered by the Court in accordance with the terms of this

12  Stipulation shall be treated as vacated, *nunc pro tunc*.  An order of the Court

13  concerning the allocation of the Settlement Fund or the amount of any attorneys' fees,

14  costs, expenses, and interest awarded by the Court to the Lead Plaintiff or any of

15  plaintiff's counsel, or a modification or reversal on appeal of any such order of the

16  Court, shall not constitute grounds for cancellation or termination of this Stipulation.

17       7.5    If the Effective Date does not occur, or if this Stipulation is terminated

18  pursuant to its terms, neither the Lead Plaintiff nor any of its counsel shall have any

19  obligation to repay any amounts incurred or disbursed pursuant to ¶¶2.6 or 2.7 hereof.

20       7.6    Hot Topic shall have the option to terminate this Stipulation and the

21  Settlement set forth herein in the event that the requisite amount of holders of Hot

22  Topic common stock on the Record Date choose to exclude themselves from the Class

23  (the "Opt-Out Threshold"), as set forth in a separate agreement (the "Supplemental

24  Agreement") executed between Lead Counsel and Defendants' counsel.  The Opt-Out

25  Threshold may be disclosed to the Court for purposes of approval of the Settlement set

26  forth in this Stipulation, as may be required by the Court, but such disclosure shall be

27  carried out to the fullest extent possible in accordance with the practices of the Court

28  so as to maintain the confidentiality of the Opt-Out Threshold.

- 22 -

1018154_2

7.7     If (a) a case is commenced with respect to any Defendant under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law, (b) a final order of a court of competent jurisdiction is entered determining the transfer of the Settlement Fund, or a material portion thereof, by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction, and (c) any portion of the Settlement Fund is required to be returned and is returned to such Defendant (or such Defendant's estate), then, at Lead Plaintiff's option, as to such Defendant, the releases given and judgment entered in favor of such Defendant pursuant to this Stipulation shall be null and void. Alternatively, Lead Plaintiff may terminate the Settlement, return the Settlement Fund (net of amounts paid pursuant to ¶¶2.6 and 2.7) pursuant to instructions from Defendants' counsel and the releases given and the judgment entered as to all Defendants shall be null and void.

7.8     Each of the Defendants warrants and represents that he, she, or it is not "insolvent" within the meaning of 11 U.S.C. §101(32) as of the time this Stipulation is executed and as of the time any payments are transferred or made as required by this Stipulation.

**8.    Requests for Exclusion**

8.1     A Class Member requesting exclusion from the Class shall be required to provide the following information to the Claims Administrator: (a) name; (b) address; (c) telephone number; (d) amount of Hot Topic common stock held on the Record Date; and (e) a statement that the Person wishes to be excluded from the Class. Unless otherwise ordered by the Court, any Class Member who does not submit a timely written request for exclusion as provided by this ¶8.1 shall be bound by the Settlement in this Stipulation.  The parties shall request that the deadline for submitting requests for exclusion be at least twenty-one (21) days prior to the Final Approval Hearing.

1018154_2

8.2    The Claims Administrator shall electronically send copies of all requests for exclusion in PDF format (or such other format as shall be mutually agreed by the Settling Parties) to Defendants' counsel and to Lead Counsel expeditiously (but not more than five (5) days) after the Claims Administrator receives such a request.  As part of the motion papers in support of the Settlement of the Litigation, Lead Counsel will cause to be provided a list of all the persons who have requested exclusion from the Class.

**9.    Miscellaneous Provisions**

9.1    The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

9.2    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The Settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any allegations, claims or defenses whatsoever. The Judgment will contain a finding that, during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

9.3    Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the

- 24 -

validity of any of the Released Claims, or of any wrongdoing or liability of the Defendants or their Related Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal.  Defendants may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.4    In the event that any part of this Stipulation is found to be unlawful, void, unconscionable, or against public policy by a court of competent jurisdiction, the remaining terms and conditions of this Stipulation shall remain intact.

9.5    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation, pursuant to their terms.

9.6    All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.7    This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.8    This Stipulation, the Exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any party concerning this Stipulation or its Exhibits or the Supplemental Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each party shall bear its own costs.

9.9    Lead Counsel, on behalf of the Class, are expressly authorized by the Lead Plaintiff to take all appropriate action required or permitted to be taken by the

Class pursuant to this Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to this Stipulation made pursuant to ¶9.7 on behalf of the Class which they deem appropriate.

9.10   Each counsel or other Person executing this Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

9.11   This Stipulation may be executed in one or more counterparts, including by signature transmitted by facsimile or email in pdf format.   All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.

9.12   This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties and Members of the Class, any and all Released Persons and any corporation, partnership, or other entity into or with which any party hereto may merge, consolidate, or reorganize.

9.13   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

9.14   This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that state's choice-of-law principles.

9.15   A waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

1018154_2

1    IN WITNESS WHEREOF, the Settling Parties hereto have caused this

2   Stipulation to be executed, by their duly authorized attorneys, dated as of April 30,

3   2015.

4                                          ROBBINS GELLER RUDMAN
                                             & DOWD LLP
5                                          RANDALL J. BARON
                                           A. RICK ATWOOD, JR.
6                                          DAVID T. WISSBROECKER
                                           EDWARD M. GERGOSIAN
7                                          DANIELLE S. MYERS

8

9                                                s/ Randall J. Baron
                                           RANDALL J. BARON
10
                                           655 West Broadway, Suite 1900
11                                         San Diego, CA  92101
                                           Telephone:  619/231-1058
12                                         619/231-7423 (fax)

13                                         Lead Counsel for Plaintiffs

14                                         VANOVERBEKE MICHAUD &
                                             TIMMONY, P.C.
15                                         THOMAS C. MICHAUD
                                           79 Alfred Street
16                                         Detroit, MI  48201
                                           Telephone:  313/578-1200
17                                         313/578-1201 (fax)

18                                         WOLF HALDENSTEIN ADLER
                                             FREEMAN & HERZ LLP
19                                         FRANCIS M. GREGOREK
                                           BETSY C. MANIFOLD
20                                         RACHELE R. RICKERT
                                           MARISA C. LIVESAY
21                                         750 B Street, Suite 2770
                                           San Diego, CA  92101
22                                         Telephone:  619/239-4599
                                           619/234-4599 (fax)

23                                         Additional Counsel for Plaintiff

24

25

26

27

28

1018154_2                                  - 27 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GIBSON, DUNN & CRUTCHER LLP
MERYL L. YOUNG
JOSEPH A. GORMAN
COURTNEY A. DREIBELBIS


_____
                s/ Meryl L. Young
             MERYL L. YOUNG

3161 Michelson Drive
Irvine, CA  92612-4412
Telephone:  949/451-3800
949/451-4220 (fax)

Counsel for Defendants


## ECF CERTIFICATION

The filing attorney attests that he has obtained concurrence regarding the filing of this document from the signatories to this document.

Dated:  April 30, 2015                    By:  s/ Randall J. Baron
                                                  RANDALL J. BARON

- 28 -

INDEX OF EXHIBITS TO STIPULATION OF SETTLEMENT

| DOCUMENT | EXHIBIT |
|---|---|
| [Proposed] Order Preliminarily Approving Settlement and Providing for Notice | A |
| Notice of Proposed Settlement of Class Action | A-1 |
| Proof of Claim and Release | A-2 |
| Summary Notice | A-3 |
| [Proposed] Final Judgment and Order of Dismissal with Prejudice | B |

# EXHIBIT A

1   ROBBINS GELLER RUDMAN
      & DOWD LLP
2   RANDALL J. BARON (150796)
    A. RICK ATWOOD, JR. (156529)
3   DAVID T. WISSBROECKER (243867)
    EDWARD M. GERGOSIAN (105679)
4   DANIELLE S. MYERS (259916)
    655 West Broadway, Suite 1900
5   San Diego, CA  92101-8498
    Telephone:  619/231-1058
6   619/231-7423 (fax)
    randyb@rgrdlaw.com
7   ricka@rgrdlaw.com
    dwissbroecker@rgrdlaw.com
8   egergosian@rgrdlaw.com
    dmyers@rgrdlaw.com
9
    Lead Counsel for Plaintiffs
10

11                 UNITED STATES DISTRICT COURT

12                CENTRAL DISTRICT OF CALIFORNIA

13                     WESTERN DIVISION

14
    In re HOT TOPIC, INC. SECURITIES   )   Lead Case No. 2:13-cv-02939-
15   LITIGATION                         )   SJO(JCx)
                                        )
16  ─────────────────────────────────  )   CLASS ACTION
                                        )
17  This Document Relates To:          )   [PROPOSED] ORDER
                                        )   PRELIMINARILY APPROVING
18       ALL ACTIONS.                   )   SETTLEMENT AND PROVIDING
    ─────────────────────────────────  )   FOR NOTICE
19                                          EXHIBIT A

20

21

22

23

24

25

26

27
                                            Exhibit A
28                                          - 31 -

1019859_2

1    WHEREAS, a consolidated class action is pending before the Court captioned

2  *In re Hot Topic, Inc. Securities Litigation*, Lead Case No. 2:13-cv-02939-SJO(JCx)

3  (the "Litigation");

4    WHEREAS, on November 3, 2014, the Court certified the following class

5  pursuant to Fed. R. Civ. P. 23(b)(3):

6        All holders of Hot Topic, Inc. ("Hot Topic") common stock on the

7        record date, May 3, 2013, who were allegedly harmed by defendants'

8        violations of §14(a) and §20(a) of the Securities Exchange Act of 1934

9        in connection with the Merger of Hot Topic and Sycamore Partners as

10       alleged in the litigation (the "Class"). Excluded from the Class are

11       defendants, the officers and directors of the Company at all relevant

12       times, members of their immediate families and their legal

13       representatives, heirs, successors or assigns and any entity in which

14       defendants have or had a controlling interest.

15  Dkt. No. 82 at 9;

16    WHEREAS, the Court has received the Stipulation of Settlement dated as of

17  April 30, 2015 (the "Stipulation"), that has been entered into by the Lead Plaintiff (on

18  behalf of itself and each of the Class Members) and Defendants, and the Court has

19  reviewed the Stipulation and its attached Exhibits;

20    WHEREAS, the Parties having made a joint application, pursuant to Federal

21  Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of

22  this Litigation, in accordance with the Stipulation which, together with the Exhibits

23  annexed thereto sets forth the terms and conditions for the Settlement of the Litigation

24  and for dismissal of the Litigation with prejudice upon the terms and conditions set

25  forth therein; and the Court having read and considered the Stipulation and the

26  Exhibits annexed thereto; and

27    WHEREAS, all terms with initial capitalization contained herein shall have the

28  same meanings as set forth in the Stipulation;

Exhibit A
- 32 -

- 1 -

1     NOW, THEREFORE, IT IS HEREBY ORDERED:

2     1.     After a preliminary review, the Settlement appears to be fair, reasonable,

3     adequate, and in the best interests of the Class.  The Settlement: (a) resulted from

4     extensive arm's-length negotiations; and (b) is sufficient to warrant (i) notice thereof

5     as set forth below; and (ii) a full hearing on the Settlement.  Accordingly, the Court

6     does hereby preliminarily approve the Stipulation and the Settlement set forth therein,

7     subject to further consideration at the Final Approval Hearing described below.

8     2.     A hearing (the "Final Approval Hearing") shall be held before this Court

9     [no less than one hundred (100) days after the Notice Date] on _____,

10    2015, at _____ __.m., at the United States Courthouse, 312 North Spring Street,

11    Los Angeles, CA 90012, to determine whether the proposed Settlement of the

12    Litigation on the terms and conditions provided for in the Stipulation is fair, just,

13    reasonable and adequate to the Class Members and should be approved by the Court;

14    whether a Judgment as provided in ¶1.13 and ¶7.1(d) of the Stipulation should be

15    entered herein; and to determine the amount of attorneys' fees and expenses that

16    should be awarded to Lead Plaintiff's counsel and the amount that Lead Plaintiff

17    should be awarded for its expenses, including lost wages.  The Court may continue or

18    adjourn the Final Approval Hearing without further notice to Class Members.

19    3.     The Court approves, as to form and content, the Notice of Pendency and

20    Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release

21    form (the "Proof of Claim and Release"), and Summary Notice for publication

22    annexed as Exhibits A-1, A-2 and A-3 hereto and finds that the mailing and

23    distribution of the Notice and publishing of the Summary Notice substantially in the

24    manner and form set forth in ¶¶4-5 of this Order meet the requirements of Federal

25    Rule of Civil Procedure 23 and due process, and is the best notice practicable under

26    the circumstances and shall constitute due and sufficient notice to all Persons entitled

27    thereto.

28

Exhibit A
- 33 -

- 2 -

1    4.    The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby

2 appointed to supervise and administer the notice procedure as well as the processing

3 of claims as more fully set forth below:

4    (a)    The Claims Administrator shall make reasonable efforts to identify

5 all Persons who are Members of the Class, and not later than [fourteen (14) calendar

6 days after the Court enters this Order] _____, 2015 (the "Notice Date"), the

7 Claims Administrator shall commence mailing copies of the Notice and the Proof of

8 Claim and Release, substantially in the forms annexed as Exhibits A-1 and A-2 hereto,

9 to all Class Members who can be identified with reasonable effort;

10    (b)    Not later than [ten (10) calendar days after the Notice Date]

11 _____, 2015, the Claims Administrator shall cause the Summary Notice,

12 substantially in the form annexed hereto as Exhibit A-3, to be published once in

13 *Investor's Business Daily* and transmitted once over a national newswire service;

14    (c)    Not later than the Notice Date, the Claims Administrator shall post

15 the Stipulation and all of its Exhibits on a case dedicated website,

16 www.hottopicsecuritiessettlement.com, which will be set forth in the Notice; and

17    (d)    At least seven (7) calendar days prior to the Final Approval

18 Hearing, Lead Counsel shall cause to be served on Defendants' counsel and filed with

19 the Court proof, by affidavit or declaration, of such mailing and publishing.

20    5.    Nominees who purchased the common stock of Hot Topic for the

21 beneficial ownership of Class Members shall send the Notice and the Proof of Claim

22 and Release to all beneficial owners of such securities within ten (10) days after

23 receipt thereof, or send a list of the names and addresses of such beneficial owners to

24 the Claims Administrator within ten (10) days of receipt thereof, in which event the

25 Claims Administrator shall promptly mail the Notice and Proof of Claim and Release

26 to such beneficial owners.  Lead Counsel shall, if requested, reimburse nominees

27 solely for their reasonable costs incurred in providing notice to beneficial owners who

28 are Class Members out of the Settlement Fund, which expenses would not have been

Exhibit A
-34-

1  incurred except for the sending of such notice, subject to further order of this Court

2  with respect to any dispute concerning such compensation.

3      6.    All Class Members shall be bound by all determinations and judgments

4  in the Litigation concerning the Settlement, whether favorable or unfavorable to the

5  Class.

6      7.    Any Member of the Class may enter an appearance in the Litigation, at

7  their own expense, individually or through counsel of their own choice.  If they do not

8  enter an appearance, they will be represented by Lead Counsel.

9      8.    Class Members who wish to participate in the Settlement shall complete

10  and submit Proofs of Claim and Release in accordance with the instructions contained

11  therein.  Unless the Court orders otherwise, all Proofs of Claim and Release must be

12  submitted no later than ninety (90) days from the Notice Date.  Any Class Member

13  who does not timely submit a Proof of Claim and Release within the time provided for

14  shall be barred from sharing in the distribution of the proceeds of the Net Settlement

15  Fund, unless otherwise ordered by the Court, but shall in all respects be bound by the

16  release contained in the Stipulation and Judgment.  Notwithstanding the foregoing,

17  Lead Counsel shall have the discretion (but not the obligation) to accept late-

18  submitted claims for processing by the Claims Administrator so long as distribution of

19  the Net Settlement Fund is not materially delayed thereby.

20      9.    Any Class Member may, upon request, be excluded from the Class.  Any

21  such Person must submit to the Claims Administrator a request for exclusion

22  ("Request for Exclusion"), postmarked no later than [fifty-five (55) calendar days

23  after the Notice Date] _____, 2015.  A Request for Exclusion must provide the

24  following information to the Claims Administrator: (a) name; (b) address;

25  (c) telephone number; (d) amount of Hot Topic common stock held on the record date,

26  May 3, 2013; and (g) a statement that the Person wishes to be excluded from the

27  Class.  All Persons who submit valid and timely Requests for Exclusion in the manner

28  set forth in this paragraph shall have no rights under the Stipulation, shall not share in

Exhibit A

35

- 4 -

1   the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation

2   or the Judgment entered in the Litigation.  Unless otherwise ordered by the Court, any

3   Class Member who does not submit a valid and timely written Request for Exclusion

4   as provided by this paragraph shall be bound by the Stipulation.

5        10.   Any Member of the Class may appear and show cause if he, she or it has

6   any reason why the proposed Settlement of the Litigation should or should not be

7   approved as fair, reasonable, and adequate, why the Judgment should or should not be

8   entered thereon, or why Lead Counsel's request for an award of attorneys' fees and

9   expenses including Lead Plaintiff's expenses as provided for by 15 U.S.C. §78u-

10  4(a)(4) should or should not be awarded; provided, however, that no Class Member or

11  any other Person shall be heard or entitled to contest the approval of the terms and

12  conditions of the proposed Settlement or the Judgment to be entered thereon unless

13  that Person has delivered by hand or sent by first class mail written objections and

14  copies of any papers and briefs such that they are received on or before [fifty-five (55)

15  calendar days after the Notice Date] _____, 2015, by Robbins Geller

16  Rudman & Dowd LLP, Danielle S. Myers, 655 West Broadway, Suite 1900, San

17  Diego, CA 92101; and Gibson, Dunn & Crutcher LLP, Meryl L. Young, 3161

18  Michelson Drive, Irvine, CA  92612, and filed said objections, papers and briefs with

19  the Clerk of the United States District Court for the Central District of California,

20  Western Division, on or before [fifty-five (55) calendar days after the Notice Date]

21  _____, 2015.  Any Class Member who does not make his, her or its

22  objection in the manner provided shall be deemed to have waived such objection and

23  shall forever be foreclosed from making any objection to the fairness or adequacy of

24  the proposed Settlement as set forth in the Stipulation, or to the award of attorneys'

25  fees and expenses to Lead Counsel, including Lead Plaintiff's expenses, unless

26  otherwise ordered by the Court.

27        11.   All funds held by the Escrow Agent shall be deemed and considered to be

28  in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court,

Exhibit A
-36-

- 5 -

1    until such time as such funds shall be distributed pursuant to the Stipulation and/or

2    further order(s) of the Court.

3        12.    All papers in support of the Settlement and any application by Lead

4    Counsel for an award of attorneys' fees or expenses, including Lead Plaintiff's request

5    for payment of its expenses as provided for by 15 U.S.C. §78u-4(a)(4) shall be filed

6    and served on or before _____, 2015 [thirty-five (35) calendar days after the

7    Notice Date].  Any reply briefs and supporting documents shall be filed and served on

8    or before _____, 2015 [seven (7) calendar days prior to the Final Approval

9    Hearing].

10       13.    The Defendants and their respective Related Parties shall have no

11   responsibility for, interest in, or liability whatsoever with respect to the distribution of

12   the Settlement Fund, any investment or distribution of the Settlement Fund, the

13   determination, administration, or calculation of claims, final awards, the timing,

14   supervision and distribution of the Settlement Fund, any application for attorneys' fees

15   and expenses, the payment or withholding of Taxes, or any losses incurred in

16   connection therewith.

17       14.    At or after the Final Approval Hearing, the Court shall determine whether

18   any application for attorneys' fees or expenses, and any application for an award of

19   Lead Plaintiff's expenses, including lost wages pursuant to 15 U.S.C. §78u-4(a)(3)(4),

20   shall be approved.

21       15.    All reasonable expenses incurred in identifying and notifying Class

22   Members, as well as administering the Settlement Fund, shall be paid as set forth in

23   the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise

24   fails to become effective, neither the Plaintiffs nor any of their counsel shall have any

25   obligation to repay any amounts incurred or properly disbursed pursuant to ¶¶2.6 or

26   2.7 of the Stipulation.

27       16.    Neither the Stipulation, nor any of its terms or provisions, nor any of the

28   negotiations or proceedings connected with it, shall be construed as an admission or

Exhibit A
37

- 6 -

1  concession by Defendants or their Related Parties of the truth of any of the allegations

2  in the Litigation, or of any liability, fault, or wrongdoing of any kind.

3        17.    The Court reserves the right to adjourn the date of the Final Approval

4  Hearing without further notice to the Members of the Class, and retains jurisdiction to

5  consider all further applications arising out of or connected with the proposed

6  Settlement.  The Court may approve the Settlement, with such modifications as may

7  be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

8        IT IS SO ORDERED.

9

10  DATED: _____      _____

11                                  THE HONORABLE S. JAMES OTERO
                                    UNITED STATES DISTRICT JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A-1

ROBBINS GELLER RUDMAN
  & DOWD LLP
RANDALL J. BARON (150796)
A. RICK ATWOOD, JR. (156529)
DAVID T. WISSBROECKER (243867)
EDWARD M. GERGOSIAN (105679)
DANIELLE S. MYERS (259916)
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
randyb@rgrdlaw.com
ricka@rgrdlaw.com
dwissbroecker@rgrdlaw.com
egergosian@rgrdlaw.com
dmyers@rgrdlaw.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re HOT TOPIC, INC. SECURITIES LITIGATION | Lead Case No. 2:13-cv-02939-SJO(JCx) |
| This Document Relates To: | CLASS ACTION |
| ALL ACTIONS. | NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION |
| | EXHIBIT A-1 |

Exhibit A-1
- 40 -

1019863_2

***IF YOU HELD HOT TOPIC, INC. ("HOT TOPIC") COMMON STOCK ON THE RECORD DATE, MAY 3, 2013 AND WERE DAMAGED THEREBY (THE "CLASS"), YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT. CERTAIN PERSONS ARE EXCLUDED FROM THE DEFINITION OF THE CLASS AS SET FORTH BELOW IN RESPONSE TO QUESTION 6.[1]***

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- The Settlement will provide $14,900,000 in cash to pay claims of all Class Members. For an estimate of how much you could receive from this Settlement, see the discussion at Question 9 of this Notice.

- The Settlement resolves a lawsuit claiming that Defendants issued a materially false and misleading Proxy Statement in violation of §14(a) and §20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78n(a) and §78t(a), in connection with the proposed acquisition of Hot Topic by Sycamore.[2] The lawsuit originally asserted additional claims for breach of fiduciary duty, which were previously dismissed by the Court. The Defendants deny they did anything wrong. The Settlement avoids the costs and risks associated with continued litigation (including the danger of no recovery), provides a monetary benefit to the Class, and releases Defendants from liability.

- The proposed Settlement should be compared to the risk of no recovery. The claims in this case involve numerous complex legal and factual issues that would require extensive and costly expert testimony. Among the many issues about which the parties do not agree are: (1) whether any of the Defendants violated the securities laws or otherwise engaged in any wrongdoing; and (2) the amount of damages (if any) that could be recovered at trial.

- For the past two years, Lead Plaintiff's counsel have not received payment for their work investigating the facts, prosecuting this Litigation, and negotiating the proposed Settlement on behalf of the Lead Plaintiff and the Class. Lead Plaintiff's counsel will ask the Court to award litigation expenses of no more than $120,000 from the Settlement Amount and an award of attorneys' fees of 25% of the Settlement Amount, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. Lead Counsel also may apply for the reimbursement of the Lead Plaintiff's expenses pursuant to 15 U.S.C. §78u-4(a)(4).

- Your legal rights are affected whether you act or don't act. Read this Notice carefully.

---

[1]   This Notice incorporates by reference the definitions in the Stipulation of Settlement dated as of April 30, 2015 ("Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation. The Stipulation can be obtained at www.hottopicsecuritiessettlement.com.

[2]   The Defendants include: Hot Topic, Lisa M. Harper, Steven Becker, Matthew Drapkin, Evelyn D'an, Terri Funk Graham, John Kyees, Andrew Schuon and Thomas Vellios (collectively, the "Individual Defendants"; together with Hot Topic, the "Defendants").

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **Submit a Proof of Claim and Release Form** | The only way to get a payment. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the Settlement. |
| **Do Nothing** | Get no payment.  Give up your rights. |
| **Exclude Yourself** | Get no payment.  This is the only option that allows you to ever bring a lawsuit against Defendants concerning the legal claims at issue in this case. |
| **Object** | Write to the Court about why you don't like the Settlement. |

- The following **deadlines** apply to your rights and options in this Litigation:

  Submit Claim: _____, 2015
  Request Exclusion: _____, 2015
  File Objection: _____, 2015
  Court Hearing on Fairness of Settlement: _____, 2015

- The Court in charge of this case must decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and, if there are any appeals, after appeals are resolved.  Please be patient.

Exhibit A-1
- 42 -

1019863_2

| | **WHAT THIS NOTICE CONTAINS** |
|---|---|

**Basic Information**
    **Page ___**
    1. Why did I receive this notice package?
    2. What is this lawsuit about?
    3. Why is this a class action?
    4. Why is there a settlement?

**Who Is in the Settlement?**
    **Page ___**
    5. How do I know if I am part of the Settlement?
    6. What are the exceptions to being included?
    7. I'm still not sure if I am included.

**The Settlement Benefits – What You Get**
    **Page ___**
    8. What does the Settlement provide?
    9. How much will my payment be?

**How You Obtain a Payment – Submitting a Proof of Claim and Release**
    **Page ___**
    10. How will I obtain a payment?
    11. When will I receive my payment?
    12. What am I giving up to receive a payment or stay in the Class?

**Excluding Yourself from the Settlement**
    **Page ___**
    13. How do I get out of the Class?
    14. If I do not exclude myself, can I sue for the same thing later?
    15. If I exclude myself, can I receive money from this Settlement?

**The Lawyers Representing You**
    **Page ___**
    16. Do I have a lawyer in this case?
    17. How will the lawyers be paid?

**Objecting to the Settlement**
    **Page ___**
    18. How do I tell the Court that I do not like the Settlement?
    19. What's the difference between objecting and excluding?

**The Court's Fairness Hearing**
    **Page ___**
    20. When and where will the Court decide whether to approve the Settlement?
    21. Do I have to come to the hearing?
    22. May I speak at the hearing?

**If You Do Nothing**
    **Page ___**
    23. What happens if I do nothing at all?

**Getting More Information**
    **Page ___**
    24. Are there more details about the Settlement?

Exhibit A-1
- 43 -

1019863_2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

25.  How do I get more information?

## BASIC INFORMATION

### 1.     Why did I receive this notice package?

You may have held shares of Hot Topic common stock on the record date, May 3, 2013.

The Court directed that this Notice be sent to you because you have a right to know about a proposed Settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.

If the Court approves the Settlement, and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.

This Notice explains the lawsuit, the Settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is Judge S. James Otero of the United States District Court for the Central District of California, Western Division (the "Court"), and the case is known as *In re Hot Topic, Inc. Securities Litigation*, Lead Case No. 2:13-cv-02939-SJO(JCx).

### 2.     What is this lawsuit about?

The Litigation claims that the Proxy Statement (the "Proxy") disseminated to shareholders in connection with the merger of Hot Topic and Sycamore contained materially false and misleading statements and failed to include information concerning the Company's long-range projections and revised projections in violation of §14(a) and §20(b) of the Securities Exchange Act of 1934.  All Defendants deny they or their Related Parties did anything wrong or that Lead Plaintiff or other Members of the Class suffered any damage.

### 3.     Why is this a class action?

In a class action, one or more people called plaintiffs (in this case the City of Livonia Employees' Retirement System, which was appointed by the Court as Lead Plaintiff) sue on behalf of people who have similar claims.  Here, all these people are called the Class or Class Members.  One court resolves the issues for all Class Members, except for those who timely and validly exclude themselves from the Class.

### 4.     Why is there a settlement?

The Court did not decide in favor of Lead Plaintiff or the Defendants who are currently part of the case. Instead, all parties agreed to a Settlement. By agreeing to a Settlement, the parties avoid the cost and uncertainty of further litigation and a possible trial (including any appeals) and allow eligible Class Members who submit valid claims to receive a payment.  Lead Plaintiff and its attorneys believe the Settlement is in the best interests of the Class.

Exhibit A-1
- 45 -

- 5 -

## WHO IS IN THE SETTLEMENT?

To see if you will receive money from this Settlement, you first have to determine if you are a Class Member.

**5.     How do I know if I am part of the Settlement?**

The Class includes all Persons who held Hot Topic common stock on the record date, May 3, 2013, and were damaged thereby.

Defendants do not agree with the characterization that any damages were suffered by Lead Plaintiff or the Class.

**6.     What are the exceptions to being included?**

You are not a Class Member if you are a Defendant, an officer or director of Hot Topic at any relevant time, a member of the immediate family, the legal representative, heir, successor or assign of a Defendant, or any entity in which a Defendant has or had a controlling interest.  You are also not a Class Member if you timely and validly request exclusion from the Class pursuant to this Notice.

**7.     I'm still not sure if I am included.**

If you are still not sure if you are included, you can ask for free help.  You can call Rick Nelson of Robbins Geller Rudman & Dowd LLP at 1-800-449-4900 or visit www.hottopicsecuritiessettlement.com for more information.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**8.     What does the Settlement provide?**

Defendants have agreed to pay $14,900,000 in cash.  The balance of this fund after payment of Court-approved attorneys' fees and expenses, Lead Plaintiff expenses, and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice (the "Net Settlement Fund") will be divided among all eligible Class Members who send in valid claim forms.

**9.     How much will my payment be?**

Your share of the fund will depend on the number of shares of Hot Topic common stock represented by valid claims made by Members of the Class and the amount of those claims and the number of shares of Hot Topic common stock you held on the record date.  Assuming that all of the investors (other than Defendants or other excluded Persons) who held Hot Topic common stock on the record date, May 3, 2013, and suffered damages therefrom participate in this Settlement, Lead Plaintiff's counsel estimates that the estimated average distribution will be approximately $0.42 per share of Hot Topic common stock before the deduction of Court-approved fees and expenses, as described in Question 17 below (estimated to be

Exhibit A
- 46 -

approximately $0.10 per share), and the cost of notice and claims administration. Historically, less than all eligible investors submit claims, resulting in higher average distributions per share.

The Settlement Fund less taxes, notice and administration costs, attorneys' fees, litigation expenses, and Lead Plaintiff expenses ("Net Settlement Fund") will be distributed to Class Members who submit valid, timely Proof of Claim and Release forms ("Claimants") on a *pro rata* basis. However, no distributions will be made to Claimants who would otherwise receive a distribution of less than $10.00.

Payment shall be conclusive against all Claimants. No Person shall have any claim against Lead Plaintiff's counsel, Lead Plaintiff, the Claims Administrator, Defendants and their Related Parties, or any Person designated by Lead Plaintiff's counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, or further order(s) of the Court. No Class Member shall have any claim against any Released Persons for any Released Claims. All Class Members who fail to complete and file a valid and timely Proof of Claim and Release form shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

**HOW YOU OBTAIN A PAYMENT – SUBMITTING A PROOF OF CLAIM AND RELEASE FORM**

**10.     How will I obtain a payment?**

To qualify for payment, you must be an eligible Class Member, send in a valid claim form, and properly document your claim as requested in the claim form. A claim form is enclosed with this Notice. You may also obtain a Proof of Claim and Release form at www.hottopicsecuritiessettlement.com. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail or submit it online no later than _____, 2015. The claim form can be submitted online at www.hottopicsecuritiessettlement.com.

**11.     When will I receive my payment?**

The Court will hold a hearing on _____, 2015 to decide whether to approve the Settlement. If Judge Otero approves the Settlement, there may be appeals. It is always uncertain how these appeals will be resolved, and resolving them can take time, perhaps several years. Everyone who sends in a claim form will be informed of the determination with respect to their claim. Please be patient.

**12.     What am I giving up to receive a payment or stay in the Class?**

Unless you timely and validly exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Released Persons about the Released Claims in this case. It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims in this case against the Released Persons. The terms of the release are included in the enclosed claim form.

- 7 -

Exhibit A-1

- 47 -

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep the right to sue or continue to sue on your own for the Released Claims in this case, then you must take steps to get out of the Class. This is called excluding yourself or is sometimes referred to as opting out of the Class.

**13.    How do I get out of the Class?**

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from the class in *In re Hot Topic, Inc. Securities Litigation*, Lead Case No. 2:13-cv-02939-SJO(JCx). You must provide the following information: (a) name; (b) address; (c) telephone number; (d) amount of Hot Topic common stock held on the record date, May 3, 2013; and (e) a statement that you wish to be excluded from the Class. **You must mail your exclusion request postmarked no later than _____, 2015 to:**

*Hot Topic, Inc. Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA  94912-8040

You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you will not receive any settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit.

**14.    If I do not exclude myself, can I sue for the same thing later?**

No. Unless you timely and validly exclude yourself, you give up any right to sue for the Released Claims in this Settlement. If you have a pending lawsuit against any of the Released Persons, speak to your lawyer in that case immediately. **Remember, the exclusion deadline is _____, 2015.**

**15.    If I exclude myself, can I receive money from this Settlement?**

No. If you exclude yourself, do not send in a Proof of Claim and Release form. But, you may be able to sue, continue to sue, or be part of a different lawsuit against Defendants.

## THE LAWYERS REPRESENTING YOU

**16.    Do I have a lawyer in this case?**

Yes. The Court appointed Robbins Geller Rudman & Dowd LLP to represent you and other Class Members. These lawyers are called Lead Counsel. You will not be charged directly for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

Exhibit A-1
- 48 -

1019863_2

## 17.     How will the lawyers be paid?

In the two years that this Litigation has been pending, Lead Counsel have not been paid for their services on behalf of Lead Plaintiff and the Class, nor for their substantial expenses. The fee requested is to compensate Lead Counsel for their work investigating the facts, litigating the case over the past two years, and negotiating the Settlement.

Lead Plaintiff's counsel will ask the Court to award litigation expenses of no more than $120,000 and a payment of 25% of the Settlement Amount for attorneys' fees, plus interest on both amounts. The fee requested is well within the range of fees awarded to class counsel in similar cases. Lead Counsel may also seek the Court's approval to pay the Lead Plaintiff reasonable costs and expenses directly relating to the representation of the Class. The Court may award less than these amounts.

### OBJECTING TO THE SETTLEMENT OR THE REQUEST FOR FEES AND EXPENSES

You can tell the Court that you do not agree with the Settlement or the request for fees and expenses or some part of these matters.

## 18.     How do I tell the Court that I do not like the Settlement?

If you are a Class Member, you can object to the Settlement or the request for fees and expenses if you do not like any part of these matters. You can state the reasons why you think the Court should not approve any of the relief sought. The Court will consider your views. To object, you must send a letter saying that you object to the Settlement in *In re Hot Topic, Inc. Securities Litigation*, Lead Case No. 2:13-cv-02939-SJO(JCx). Be sure to include your name, address, telephone number, your signature, the number of shares of Hot Topic common stock you held on the record date, May 3, 2013, and the reason(s) why you object to the Settlement or the request for fees and expenses. **Mail the objection to the Court, Lead Counsel and Defense Counsel in time for it to be received no later than _____, 2015**:

| COURT | LEAD COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court<br>U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION<br>United States Courthouse<br>312 North Spring Street<br>Los Angeles, CA  90012 | Danielle S. Myers<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>655 West Broadway<br>Suite 1900<br>San Diego, CA  92101 | Meryl L. Young<br>GIBSON, DUNN & CRUTCHER LLP<br>3161 Michelson Drive<br>Irvine, CA  92612 |

## 19.     What's the difference between objecting and excluding?

Objecting is simply telling the Court that you do not like something about the Settlement or the fee and expense request. You can object *only* if you stay in the Class.

Exhibit A-1
- 49 -

- 9 -

1019863_2

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims.  If you exclude yourself, you cannot object to the Settlement because it does not affect you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement.  You may attend and you may ask to speak, but you do not have to.

### 20.    When and where will the Court decide whether to approve the Settlement?

The Court will hold a fairness hearing at __:__ __.m., on _____, 2015, before the Honorable S. James Otero at the U.S. District Court for the Central District of California, Western Division, United States Courthouse, 312 North Spring Street, Los Angeles, CA 90012.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them. Judge Otero will listen to people who have asked to speak at the hearing.  The Court will also consider whether to approve the fee and expense requests.  The Court may decide the issues at the hearing or take them under consideration.  We do not know how long these decisions will take.

### 21.    Do I have to come to the hearing?

No.  Lead Counsel will answer questions Judge Otero may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

### 22.    May I speak at the hearing?

You may ask the Court for permission to speak at the fairness hearing.  To do so, you must send a letter saying that it is your intention to appear in *In re Hot Topic, Inc. Securities Litigation*, Lead Case No. 2:13-cv-02939-SJO(JCx).  Be sure to include your name, address, telephone number, the number of shares of Hot Topic common stock you held on the record date, May 3, 2013, and your signature.  **Your notice of intention to appear must be received no later than _____, 2015, by the Clerk of the Court, Lead Counsel, and Defendants' Counsel**, at the addresses listed above in Question 18.

You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

### 23.    What happens if I do nothing at all?

If you do nothing, you will not receive any money from this Settlement.  In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit about the Released Claims in this case.

Exhibit A-1
- 50 -

**GETTING MORE INFORMATION**

**24.    Are there more details about the Settlement?**

This Notice summarizes the proposed Settlement.  More details are in the Stipulation dated as of April 30, 2015.  You can obtain a copy of the Stipulation by writing to Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, or from the Clerk's office at the United States District Court for the Central District of California, Western Division, 312 North Spring Street, Los Angeles, CA 90012 during regular business hours.  The Stipulation may also be downloaded at www.hottopicsecuritiessettlement.com.

**25.    How do I get more information?**

You can call 1-800-449-4900 or write to Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101 or visit www.hottopicsecuritiessettlement.com.

**SPECIAL NOTICE TO NOMINEES**

The Court has ordered that if you held any Hot Topic common stock on the record date, May 3, 2013, as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

*Hot Topic, Inc. Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA  94912-8040

If you choose to mail the Notice and Proof of Claim and Release yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

***DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE***

DATED:  _____, 2015          BY ORDER OF THE COURT
                                       UNITED STATES DISTRICT COURT
                                       CENTRAL DISTRICT OF CALIFORNIA
                                       WESTERN DIVISION

Exhibit A-1
- 51 -

# EXHIBIT A-2

1  ROBBINS GELLER RUDMAN
    & DOWD LLP
2  RANDALL J. BARON (150796)
   A. RICK ATWOOD, JR. (156529)
3  DAVID T. WISSBROECKER (243867)
   EDWARD M. GERGOSIAN (105679)
4  DANIELLE S. MYERS (259916)
   655 West Broadway, Suite 1900
5  San Diego, CA  92101-8498
   Telephone:  619/231-1058
6  619/231-7423 (fax)
   randyb@rgrdlaw.com
7  ricka@rgrdlaw.com
   dwissbroecker@rgrdlaw.com
8  egergosian@rgrdlaw.com
   dmyers@rgrdlaw.com
9
   Lead Counsel for Plaintiffs
10

11                  UNITED STATES DISTRICT COURT

12                 CENTRAL DISTRICT OF CALIFORNIA

13                       WESTERN DIVISION

14  In re HOT TOPIC, INC. SECURITIES    )   Lead Case No. 2:13-cv-02939-
15  LITIGATION                          )   SJO(JCx)
                                        )
16  ─────────────────────────────────  )   CLASS ACTION
                                        )
    This Document Relates To:           )   PROOF OF CLAIM AND RELEASE
17                                      )
         ALL ACTIONS.                   )   EXHIBIT A-2
18  ─────────────────────────────────  )

19

20

21

22

23

24

25

26

27
                                                  Exhibit A-2
28                                                   - 53 -

1019867_2

## I.    GENERAL INSTRUCTIONS

1.    To recover as a Class Member based on your claims in the action entitled *In re Hot Topic, Inc. Securities Litigation*, Lead Case No. 2:13-cv-02939-SJO(JCx) (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release.  If you fail to file a properly addressed (as set forth in ¶3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Litigation.

2.    Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Settlement in the Litigation.

3.    YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE NO LATER THAN _____, 2015, TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR IN THIS CASE AT THE FOLLOWING ADDRESS:

> *Hot Topic, Inc. Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912-8040
> (www.hottopicsecuritiessettlement.com)

If you are NOT a Class Member, as defined below, DO NOT submit a Proof of Claim and Release form.

4.    If you are a Class Member and you do not timely and validly request exclusion from the Class, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

## II.    DEFINITIONS

1.    "Class," "Class Member," or "Members of the Class" means all holders of Hot Topic common stock on the record date, May 3, 2013.  Excluded from the Class are Defendants, the officers and directors of the Company at all relevant times,

Exhibit A-2
- 54 -

- 1 -

1019867_2

1    members of their immediate families and their legal representatives, heirs, successors

2    or assigns and any entity in which Defendants have or had a controlling interest, and

3    any Person who timely and validly seeks exclusion from the Class.

4         2.     "Defendants" means Hot Topic, Lisa M. Harper, Steven Becker, Matthew

5    Drapkin, Evelyn D'an, Terri Funk Graham, John Kyees, Andrew Schuon and Thomas

6    Vellios.

7         3.     "Hot Topic" means Hot Topic, Inc.

8         4.     "Person" means an individual, corporation, partnership, limited

9    partnership, association, joint stock company, estate, legal representative, trust,

10   unincorporated association, government or any political subdivision or agency thereof,

11   and any business or legal entity and their spouses, heirs, predecessors, successors,

12   representatives, or assignees.

13        5.     "Related Parties" means each of a Defendant's or Sycamore's past or

14   present directors, officers, employees, partners, insurers, co-insurers, reinsurers,

15   principals, controlling shareholders, attorneys, accountants or auditors, financial

16   advisors, personal or legal representatives, predecessors, successors, parents

17   (including Sycamore), subsidiaries, divisions, affiliates, joint ventures, assigns,

18   spouses, heirs, estates, related or affiliated entities, any entity in which a Defendant

19   has a controlling interest, any members of any Individual Defendant's immediate

20   family, or any trust of which any Individual Defendant is the settlor or which is for the

21   benefit of any Individual Defendant's family.

22        6.     "Released Claims" means any and all claims (including "Unknown

23   Claims" as defined in ¶8 hereof), causes of action, rights, actions, suits, obligations,

24   debts, demands, judgments, agreements, promises, liabilities, damages, losses,

25   controversies, costs, expenses or attorneys' fees, of every nature and description

26   whatsoever, whether direct, indirect, now known or unknown, suspected or

27   unsuspected, accrued or unaccrued, in law or in equity, whether having arisen or yet to

28   arise, including, without limitation, any claims of violations of federal or state

Exhibit A-2
53

- 2 -

securities laws and any federal or state claims of fraud, intentional misrepresentation, negligent misrepresentation, negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, breach of fiduciary duty, unjust enrichment, abuse of control, mismanagement, waste of corporate assets, or violations of any state or federal statutes, rules or regulations, or aiding and abetting any of the foregoing, that have been or could have been alleged or asserted now or in the future by Lead Plaintiff or any Class Member against the Released Persons, or any of them in the Litigation or in any other court action (including, without limitation, the Consolidated State Action) or before any administrative body, tribunal, arbitration panel, or other adjudicatory body, arising out of or relating in any way to, or in connection with both (a) Hot Topic common stock held on the record date, May 3, 2013, and (b) any of the acts, facts, transactions, events, occurrences, disclosures, statements, omissions, or failures to act or matters set forth, referred to, or alleged, or that could have been set forth, referred to, or alleged (whether known or unknown) in the Litigation or the Consolidated State Action.  The Released Claims do not include claims to enforce the Settlement.

7.     "Released Persons" means each and all of the Defendants, Sycamore and each of their respective Related Parties.

8.     "Unknown Claims" means any Released Claims which the Lead Plaintiff or any Class Member, as of the Effective Date, does not know or suspect to exist in his, her or its favor, whether direct, indirect, or derivative, including those which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiff shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

Exhibit A-2

- 56 -

1
2
3
4

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

5 The Lead Plaintiff shall expressly waive and each of the Class Members shall be
6 deemed to have, and by operation of the Judgment shall have, expressly waived, any
7 and all provisions, rights and benefits conferred by any law of any state or territory of
8 the United States, or principle of common law that is similar, comparable or
9 equivalent to California Civil Code §1542, or that might otherwise operate to bar or
10 limit the release of Unknown Claims.  Lead Plaintiff and Class Members may
11 hereafter discover facts in addition to or different from those which he, she, or it now
12 knows or believes to be true with respect to the subject matter of the Released Claims,
13 but the Lead Plaintiff shall expressly release and each Class Member, upon the
14 Effective Date, shall be deemed to have, and by operation of the Judgment shall have,
15 expressly, fully, finally, and forever settled and released any and all Released Claims,
16 known or unknown, suspected or unsuspected, contingent or non-contingent, whether
17 or not concealed or hidden, which now exist, or heretofore have existed, upon any
18 theory of law or equity now existing or coming into existence in the future, including,
19 but not limited to, conduct that is negligent, intentional, with or without malice, or a
20 breach of any duty, law, or rule, without regard to and notwithstanding the subsequent
21 discovery or existence of such different or additional facts.  The Lead Plaintiff
22 acknowledges, and the Class Members shall be deemed by operation of the Judgment
23 to have acknowledged, that the foregoing waiver was separately bargained for and a
24 key element of the Settlement of which this release is a part.

25 **III.   CLAIMANT IDENTIFICATION**

26       1.     If you held Hot Topic common stock on the record date, May 3, 2013,
27 and held the certificate(s) in your name, you are the beneficial purchaser as well as the
28 record purchaser.  If, however, the certificate(s) were registered in the name of a third

Exhibit A-2
-137-

- 4 -

1  party, such as a nominee or brokerage firm, you are the beneficial purchaser and the
2  third party is the record purchaser.

3       2.      Use Part I of this form entitled "Claimant Identification" to identify each
4  share held of record ("nominee"), if different from the beneficial holder of the Hot
5  Topic common stock that form the basis of this claim.  THIS CLAIM MUST BE
6  FILED BY THE ACTUAL BENEFICIAL HOLDER(S) OR THE LEGAL
7  REPRESENTATIVE OF SUCH HOLDER(S) OF THE HOT TOPIC COMMON
8  STOCK UPON WHICH THIS CLAIM IS BASED.

9       3.      All joint holders must sign this claim.  Executors, administrators,
10  guardians, conservators and trustees must complete and sign this claim on behalf of
11  Persons represented by them and their authority must accompany this claim and their
12  titles or capacities must be stated.  The Social Security (or taxpayer identification)
13  number and telephone number of the beneficial owner may be used in verifying the
14  claim.  Failure to provide the foregoing information could delay verification of your
15  claim or result in rejection of the claim.

16  **IV.   CLAIM FORM**

17       1.      Use Part II of this form entitled "Holdings in Hot Topic Common Stock"
18  to state the number of shares of Hot Topic common stock that you held on the record
19  date, May 3, 2013.

20       2.      Copies of broker confirmations or other documentation of your holdings
21  in Hot Topic common stock should be attached to your claim.  Failure to provide this
22  documentation could delay verification of your claim or result in rejection of your
23  claim.

24       3.      The above requests are designed to provide the minimum amount of
25  information necessary to process the simplest claims.  The Claims Administrator may
26  request additional information as required to efficiently and reliably calculate your
27  recovery.  In the event the Claims Administrator cannot perform the calculation
28  accurately or at a reasonable cost to the Class with the information provided, the

Exhibit A-2
- 5 -
58

1  Claims Administrator may condition acceptance of the claim upon the production of

2  additional information and/or the claimant's responsibility for any increased costs due

3  to the nature and/or scope of the claim.

4  UNITED STATES DISTRICT COURT

5  CENTRAL DISTRICT OF CALIFORNIA

6  WESTERN DIVISION

7  *In re Hot Topic, Inc. Securities Litigation*

8  Lead Case No. 2:13-cv-02939-SJO(JCx)

9  PROOF OF CLAIM AND RELEASE

10  Must Be Postmarked No Later Than:

11  _____, 2015

12  Please Type or Print

13  Do NOT use red ink, pencil, or staples.

14  **PART I:      CLAIMANT IDENTIFICATION**

15

16  _____
Beneficial Owner's Name (Last, Middle Initial, First Name)

17  _____
Co-Beneficial Owner's Name (Last, Middle Initial, First Name)

18

19  __ IRA            __ Joint Tenancy   __ Employee              __ Individual
__  Other:_____

20  _____

21  Trustee/Asset Manager/Nominee/Record Owner's Name (if Different from Beneficial Owner)

22  _____

23  Account #/Fund # (Not necessary for individual filers)

24  _____        _____
Social Security Number or                          Taxpayer Identification Number

25

26  _____        _____
Telephone Number (work)                          Telephone Number (home)

27  _____
E-mail Address

28  Exhibit A-2
- 59 -

- 6 -

**MAILING INFORMATION**

_____
Address

_____
City                          State            Zip Code

_____
Foreign Province              Foreign Country

**PART II:    SCHEDULE OF TRANSACTIONS IN HOT TOPIC COMMON STOCK**

    A.    State how many shares of Hot Topic common stock you held on the record date, May 3, 2013:    _____

Proof enclosed? __ yes    __ no

YOU MUST READ AND SIGN THE RELEASE ON PAGE _____.
FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.

**V.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

    I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement dated as of April 30, 2015 ("Stipulation") described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Central District of California, with respect to my (our) claim as a Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (we) agree to furnish additional information to Lead Counsel and/or the Claims Administrator to support this claim if required to do so. I (we) have not submitted any other claim covering the same holdings of Hot Topic common stock and know of no other Person having done so on my (our) behalf.

Exhibit A-2
- 60 -

- 7 -

1019867_2

## VI.   RELEASE

1.   I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, relinquish, and discharge, all of the Released Claims (including Unknown Claims) against each and all of the Released Persons, all as defined herein and in the Notice and Stipulation.

2.   This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

3.   I (We) hereby warrant and represent that I (we) am or are not a Person excluded from the definition of the Class.

4.   I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

5.   I (We) hereby warrant and represent that I (we) have included all requested information about all of my (our) holdings of Hot Topic common stock on the record date, May 3, 2013 requested in this claim form.

6.   The number(s) shown on this form is (are) the correct SSN/TIN(s).

7.   I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

(NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 7 above.)

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____,
                                              (Month/Year)

in _____, _____.
      (City)                          (State/Country)

_____
(Sign your name here)

1

2

_____
(Type or print your name here)

3

4

5

_____
(Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser, Executor or
Administrator)

6

7

ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.

8

THANK YOU FOR YOUR PATIENCE.

9

Reminder Checklist:

10

    1.    Please sign the above release and declaration.

11

    2.    Remember to attach copies of supporting documentation, if available.

12

    3.    Do not send original stock certificates.

13

    4.    Keep a copy of your claim form for your records.

14

    5.    If you desire an acknowledgment of receipt of your claim form, please

15

send it Certified Mail, Return Receipt Requested.

16

    6.    If you move, please send us your new address.

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A-2
- 62 -

# EXHIBIT A-3

1
ROBBINS GELLER RUDMAN
  & DOWD LLP
2
RANDALL J. BARON (150796)
A. RICK ATWOOD, JR. (156529)
3
DAVID T. WISSBROECKER (243867)
EDWARD M. GERGOSIAN (105679)
4
DANIELLE S. MYERS (259916)
655 West Broadway, Suite 1900
5
San Diego, CA 92101-8498
Telephone: 619/231-1058
6
619/231-7423 (fax)
randyb@rgrdlaw.com
7
ricka@rgrdlaw.com
dwissbroecker@rgrdlaw.com
8
egergosian@rgrdlaw.com
dmyers@rgrdlaw.com
9
Lead Counsel for Plaintiffs

10

11

12

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

13

WESTERN DIVISION

14

15

16

17

18

| In re HOT TOPIC, INC. SECURITIES LITIGATION | ) ) ) | Lead Case No. 2:13-cv-02939-SJO(JCx) |
|---|---|---|
| | ) ) | CLASS ACTION |
| This Document Relates To: | ) ) | SUMMARY NOTICE OF PENDENCY |
| ALL ACTIONS. | ) ) ) | OF CLASS ACTION AND PROPOSED SETTLEMENT |

19
EXHIBIT A-3

20

21

22

23

24

25

26

27

28

Exhibit A-3
- 64 -

***IF YOU HELD HOT TOPIC, INC. ("HOT TOPIC") COMMON STOCK ON THE RECORD DATE, MAY 3, 2013 AND WERE DAMAGED THEREBY (THE "CLASS"), YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.  CERTAIN PERSONS ARE EXCLUDED FROM THE DEFINITION OF THE CLASS AS SET FORTH IN THE STIPULATION OF SETTLEMENT.***

PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and Order of the United States District Court for the Central District of California, that the above-captioned litigation (the "Litigation") has been certified as a class action and that a Settlement has been proposed for $14,900,000 in cash.  A hearing will be held on _____, 2015, at ___ _.m., before the Honorable S. James Otero at the United States Courthouse, 312 North Spring Street, Los Angeles, CA 90012, for the purpose of determining whether: (1) the proposed Settlement should be approved by the Court as fair, reasonable and adequate; and (2) the application of Lead Plaintiff's counsel for the payment of attorneys' fees and expenses, including Lead Plaintiff's expenses incurred in connection with the Litigation, should be approved.

If you are a Class Member described above, your rights may be affected by the Settlement of the Litigation and you may be entitled to share in the Settlement Fund.  If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release, you may obtain a copy of these documents by contacting the Claims Administrator: *Hot Topic, Inc. Securities Litigation*, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040, 1-877-289-2663.  You may also obtain copies of the Stipulation of Settlement, Notice and Proof of Claim and Release at www.hottopicsecuritiessettlement.com.

If you are a Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release postmarked no later

- 1 -

1 than _____, 2015.  If you are a Class Member and do not submit a valid Proof

2 of Claim and Release, you will not be eligible to share in the distribution of the Net

3 Settlement Fund but you will still be bound by any judgment entered by the Court in

4 this Litigation (including the releases provided for therein).

5       To exclude yourself from the Class, you must submit a written request for

6 exclusion postmarked by _____, 2015, and in accordance with the instructions

7 set forth in the Notice.  If you are a Class Member and do not exclude yourself from

8 the Class, you will be bound by any judgment entered by the Court in this Litigation

9 (including the releases provided for therein), whether or not you submit a Proof of

10 Claim and Release.  If you submit a written request for exclusion, you will have no

11 right to recover money pursuant to the Settlement.

12       Any objection to the proposed Settlement or the request for attorneys' fees and

13 expenses must be filed with the Court and delivered such that it is received by each of

14 the following no later than _____, 2015:

15 **COURT**      **LEAD COUNSEL**      **DEFENSE COUNSEL**

16 Clerk of the Court    Danielle S. Myers    Meryl L. Young
U.S. DISTRICT COURT FOR   ROBBINS GELLER RUDMAN   GIBSON, DUNN & CRUTCHER

17    THE CENTRAL DISTRICT    & DOWD LLP    LLP
   OF CALIFORNIA,    655 West Broadway    3161 Michelson Drive

18    WESTERN DIVISION    Suite 1900    Irvine, CA  92612
United States Courthouse    San Diego, CA  92101

19 312 North Spring Street
Los Angeles. CA 90012

20

21      **PLEASE  DO  NOT  CONTACT  THE  COURT  OR  THE  CLERK'S**

22 **OFFICE REGARDING THIS NOTICE.**  If you have any questions about the

23 settlement, you may contact Lead Counsel at the address listed above.

24 DATED: _____      BY ORDER OF THE COURT

25                UNITED STATES DISTRICT COURT
               CENTRAL DISTRICT OF

26                CALIFORNIA

27                WESTERN DIVISION

Exhibit A-3

28                        - 66 -

1019881_1

# EXHIBIT B

1  ROBBINS GELLER RUDMAN
     & DOWD LLP
2  RANDALL J. BARON (150796)
   A. RICK ATWOOD, JR. (156529)
3  DAVID T. WISSBROECKER (243867)
   EDWARD M. GERGOSIAN (105679)
4  DANIELLE S. MYERS (259916)
   655 West Broadway, Suite 1900
5  San Diego, CA  92101-8498
   Telephone:  619/231-1058
6  619/231-7423 (fax)
   randyb@rgrdlaw.com
7  ricka@rgrdlaw.com
   dwissbroecker@rgrdlaw.com
8  egergosian@rgrdlaw.com
   dmyers@rgrdlaw.com
9
   Lead Counsel for Plaintiffs
10

11                     UNITED STATES DISTRICT COURT

12                    CENTRAL DISTRICT OF CALIFORNIA

13                           WESTERN DIVISION

14
   In re HOT TOPIC, INC. SECURITIES   )   Lead Case No. 2:13-cv-02939-
15  LITIGATION                          )   SJO(JCx)
                                        )
16  ─────────────────────────────────  )   CLASS ACTION
                                        )
17  This Document Relates To:           )
                                        )   [PROPOSED] FINAL JUDGMENT
18      ALL ACTIONS.                    )   AND ORDER OF DISMISSAL WITH
   ─────────────────────────────────  )   PREJUDICE
19                                          EXHIBIT B
20

21

22

23

24

25

26

27
                                                        Exhibit B
28                                                        - 68 -

1019897_2

1    This matter came before the Court for hearing pursuant to the Order of this

2    Court, dated _____, 2015, on the application of the parties for approval of the

3    Settlement set forth in the Stipulation of Settlement dated April 30, 2015 (the

4    "Stipulation").  Due and adequate notice having been given to the Class as required in

5    the Order, the Court having considered all papers filed and proceedings held herein

6    and otherwise being fully informed in the premises and good cause appearing

7    therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

8        1.    This Judgment incorporates by reference the definitions in the

9    Stipulation, and all terms used herein shall have the same meanings as set forth in the

10   Stipulation, unless otherwise stated herein.

11       2.    This Court has jurisdiction over the subject matter of the Litigation and

12   over all parties to the Litigation, including all Class Members.

13       3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court

14   previously certified a Class defined as all holders of Hot Topic, Inc. ("Hot Topic")

15   common stock on the record date, May 3, 2013, who were allegedly harmed by

16   defendants' violations of §14(a) and §20(a) of the Securities Exchange Act of 1934 in

17   connection with the Merger of Hot Topic and Sycamore Partners as alleged in the

18   litigation (the "Class").  Excluded from the Class are defendants, the officers and

19   directors of the Company at all relevant times, members of their immediate families

20   and their legal representatives, heirs, successors or assigns and any entity in which

21   defendants have or had a controlling interest, and any Person who timely and validly

22   seeks exclusion from the Class.

23       4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court

24   hereby approves the Settlement set forth in the Stipulation and finds that said

25   Settlement is, in all respects, fair, just, reasonable and adequate to the Class.

26       5.    Except as to any individual claim of those Persons who have validly and

27   timely requested exclusion from the Class (identified in Exhibit 1 hereto), the

28   Litigation and all claims contained therein, as well as all of the Released Claims, are

Exhibit B
69

1  dismissed with prejudice as to the Lead Plaintiff and the other Class Members, and as

2  against each and all of the Released Persons.  The Settling Parties are to bear their

3  own costs, except as otherwise provided in the Stipulation.

4       6.     The Court finds that the Settlement is fair, just, reasonable and adequate

5  as to each of the Class Members, and that the Settlement is hereby finally approved in

6  all respects, and the Settling Parties are hereby directed to perform its terms.

7       7.     Upon the Effective Date, the Lead Plaintiff and each of the Class

8  Members shall be deemed to have, and by operation of this Judgment shall have, fully,

9  finally and forever released, relinquished, dismissed and discharged all Released

10  Claims (including Unknown Claims) against the Released Persons with prejudice on

11  the merits, whether or not the Lead Plaintiff or such Class Member executes and

12  delivers the Proof of Claim and Release, and whether or not the Lead Plaintiff or any

13  of the Class Members ever seeks or obtains any distribution from the Settlement Fund.

14  Claims to enforce the Settlement are not released.

15       8.     Upon the Effective Date, each of the Released Persons shall be deemed to

16  have, and by operation of this Judgment shall have, fully, finally, and forever released,

17  relinquished and discharged the Lead Plaintiff, each and all of the Class Members, and

18  their attorneys (including, without limitation, Lead Counsel), employees, heirs,

19  successors, and assigns from all claims (including, without limitation, Unknown

20  Claims) arising out of, relating to, or in connection with, the institution, prosecution,

21  assertion, settlement or, resolution of the Litigation and/or the Consolidated State

22  Action.  Claims to enforce the Settlement are not released.

23       9.     Upon the Effective Date, Lead Plaintiff and all Class Members and

24  anyone claiming through or on behalf of any of them, are forever barred and enjoined

25  from commencing, instituting, or continuing to prosecute any action or proceeding in

26  any court of law or equity, arbitration tribunal, administrative forum, or other forum of

27  any kind, asserting any of the Released Claims against any of the Released Parties,

28  and each of them.

Exhibit B
- 70 -

- 2 -

10.   The distribution of the Notice and publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to Class Members who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable law, including the Private Securities Litigation Reform Act of 1995.

11.   Any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

12.   Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants, their Related Parties or any Released Person; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants, their Related Parties or any Released Person in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants, their Related Parties or any Released Person may file the Stipulation and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.   Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and

Exhibit B
71

- 3 -

1   any award or distribution of the Settlement Fund, including interest earned thereon;

2   (b) disposition of the Settlement Fund; (c) hearing and determining applications for

3   attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose

4   of construing, enforcing and administering the Settlement.

5         14.    The Court finds that during the course of the Litigation, the Settling

6   Parties and their respective counsel at all times complied with the requirements of

7   Federal Rule of Civil Procedure 11.

8         15.    In the event that the Settlement does not become effective in accordance

9   with the terms of the Stipulation, or the Effective Date does not occur, or the

10  conditions set forth in ¶7.7 of the Stipulation occur, then this Judgment shall be

11  rendered null and void to the extent provided by and in accordance with the

12  Stipulation and shall be vacated and, in such event, all orders entered and releases

13  delivered in connection herewith shall be null and void to the extent provided by and

14  in accordance with the Stipulation.

15        16.    The Settling Parties shall bear their own costs and expenses, except as

16  otherwise provided in the Stipulation or in this Judgment.

17        IT IS SO ORDERED.

18

19  DATED: _____     _____

20                                     THE HONORABLE S. JAMES OTERO
                                   UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

Exhibit B
- 72 -

1019897_2

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 30, 2015, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 30, 2015.

s/ Randall J. Baron
RANDALL J. BARON

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  randyb@rgrdlaw.com

- 73 -

1018154_2

# Mailing Information for a Case 2:13-cv-02939-SJO-JC Julie Horn v. Hot Topic Inc et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **A Rick Atwood , Jr**
  ricka@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Randall J Baron**
  randyb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Courtney Anne Dreibelbis**
  cdreibelbis@gibsondunn.com,cdavis@gibsondunn.com,bakin@gibsondunn.com

- **Ian C Eisner**
  ieisner@winston.com,DOCKETLA@winston.com

- **Edward Michael Gergosian**
  egergosian@rgrdlaw.com

- **Joseph A Gorman**
  jgorman@gibsondunn.com,pbelloso@gibsondunn.com,tmorgan@gibsondunn.com

- **Francis M Gregorek**
  gregorek@whafh.com

- **Marisa C Livesay**
  livesay@whafh.com,davanzo@whafh.com,boyles@whafh.com

- **Betsy C Manifold**
  manifold@whafh.com,cabrera@whafh.com

- **Danielle S Myers**
  dmyers@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Rachele R Rickert**
  rickert@whafh.com,cabrera@whafh.com,boyles@whafh.com,cothran@whafh.com

- **John E Schreiber**
  jschreiber@winston.com,linda.chow-fortune@dl.com,pacercourtfile@winston.com,docketLA@winston.com,ian.eisner@dl.com,recordsla@winston.com,fposey@dl.com

- **Evan Jason Smith**
  esmith@brodsky-smith.com

- **James P Smith , III**
  JPSmith@winston.com

- **David T Wissbroecker**
  dwissbroecker@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Meryl L Young**
  myoung@gibsondunn.com,pmclean@gibsondunn.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)