1  ROBBINS GELLER RUDMAN
     & DOWD LLP
2  RANDALL J. BARON (150796)
   A. RICK ATWOOD, JR. (156529)
3  DAVID T. WISSBROECKER (243867)
   EDWARD M. GERGOSIAN (105679)
4  DANIELLE S. MYERS (259916)
   655 West Broadway, Suite 1900
5  San Diego, CA  92101-8498
   Telephone:  619/231-1058
6  619/231-7423 (fax)
   randyb@rgrdlaw.com
7  ricka@rgrdlaw.com
   dwissbroecker@rgrdlaw.com
8  egergosian@rgrdlaw.com
   dmyers@rgrdlaw.com
9
   Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re HOT TOPIC, INC. SECURITIES LITIGATION | Lead Case No. 2:13-cv-02939-SJO(JCx) |
| This Document Relates To:<br>ALL ACTIONS. | <u>CLASS ACTION</u><br>FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

1083700_1

This matter came before the Court for hearing pursuant to the Order of this Court, dated June 30, 2015, on the application of the parties for approval of the Settlement set forth in the Stipulation of Settlement dated April 30, 2015 (the "Stipulation"). Due and adequate notice having been given to the Class as required in the Order, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise stated herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court previously certified a Class defined as all holders of Hot Topic, Inc. ("Hot Topic") common stock on the record date, May 3, 2013, who were allegedly harmed by defendants' violations of §14(a) and §20(a) of the Securities Exchange Act of 1934 in connection with the Merger of Hot Topic and Sycamore Partners as alleged in the litigation (the "Class"). Excluded from the Class are defendants, the officers and directors of the Company at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest, and any Person who timely and validly seeks exclusion from the Class.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, just, reasonable and adequate to the Class.

5. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class (identified in Exhibit 1 hereto), the Litigation and all claims contained therein, as well as all of the Released Claims, are

- 1 -

dismissed with prejudice as to the Lead Plaintiff and the other Class Members, and as against each and all of the Released Persons. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

6. The Court finds that the Settlement is fair, just, reasonable and adequate as to each of the Class Members, and that the Settlement is hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

7. Upon the Effective Date, the Lead Plaintiff and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished, dismissed and discharged all Released Claims (including Unknown Claims) against the Released Persons with prejudice on the merits, whether or not the Lead Plaintiff or such Class Member executes and delivers the Proof of Claim and Release, and whether or not the Lead Plaintiff or any of the Class Members ever seeks or obtains any distribution from the Settlement Fund. Claims to enforce the Settlement are not released.

8. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged the Lead Plaintiff, each and all of the Class Members, and their attorneys (including, without limitation, Lead Counsel), employees, heirs, successors, and assigns from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or, resolution of the Litigation and/or the Consolidated State Action. Claims to enforce the Settlement are not released.

9. Upon the Effective Date, Lead Plaintiff and all Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims against any of the Released Parties, and each of them.

10. The distribution of the Notice and publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to Class Members who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable law, including the Private Securities Litigation Reform Act of 1995.

11. Any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

12. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants, their Related Parties or any Released Person; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants, their Related Parties or any Released Person in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants, their Related Parties or any Released Person may file the Stipulation and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and

- 3 -

any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Settlement.

14. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or the conditions set forth in ¶7.7 of the Stipulation occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16. The Settling Parties shall bear their own costs and expenses, except as otherwise provided in the Stipulation or in this Judgment.

IT IS SO ORDERED.

DATED: October 26, 2015

*S. James Otero*

THE HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

- 4 -

1083700_1